UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLO VARTINELLI,

        Petitioner,

                                        CIVIL ACTION NO. 05-CV-70949-DT
v.                                        HONORABLE LAWRENCE P. ZATKOFF

S. L. BURT,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Carlo Vartinelli ("Petitioner"), a state prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan,[1] has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. In his pleadings, Petitioner raises claims concerning prosecutorial misconduct, ineffective assistance of trial and appellate counsel, cumulative error, and sentencing.

This matter is before the Court on Respondent's motion to dismiss the habeas petition as untimely. For the reasons set forth below, the Court grants Respondent's motion and dismisses the petition for writ of habeas corpus for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

---

[1] At the time he filed this action, Petitioner was confined at the Southern Michigan Correctional Facility in Jackson, Michigan where Respondent is the warden.

**I.     Facts and Procedural History**

Petitioner was convicted of one count of first-degree criminal sexual conduct for a 1990 assault upon his 15-year-old daughter following a jury trial in the Houghton County Circuit Court. He was sentenced to life imprisonment on September 18, 1992. Following his conviction, Petitioner filed an appeal as of right with the Michigan Court of Appeals, which affirmed his conviction and sentence. *People v. Vartinelli*, No. 158810 (Mich. Ct. App. Feb. 17, 1995). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Vartinelli*, 450 Mich. 956, 548 N.W.2d 632 (1995).

On or about July 10, 2002, Petitioner filed a motion for relief from judgment with the state trial court, which was denied. He then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Vartinelli*, No. 250907 (Mich. Ct. App. Dec. 30, 2003). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Vartinelli*, 471 Mich. 895, 688 N.W.2d 89 (2004).

Petitioner, through counsel, filed the present petition for writ of habeas corpus on March 11, 2005. Respondent filed the instant motion to dismiss on September 12, 2005 asserting that the habeas petition should be dismissed as untimely. Petitioner has filed a reply to the motion asserting that his delay in filing was due to lost transcripts and that the one-year period should be equitably tolled because he is actually innocent.

**II.     Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, governs the filing requirements for this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The

AEDPA establishes a one-year limitations period for the filing of federal habeas petitions. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Abela v. Martin*, 348 F.3d 164, 167 (6th Cir. 2003), *cert. denied sub nom Caruso v. Abela*, 541 U.S. 1070 (2004). Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until July of 2002.

3

Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction or collateral review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Thus, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that his habeas claims are based upon newly-discovered facts or newly-recognized constitutional rights. Rather, he asserts that the state created an impediment to the filing of his habeas petition because some of his state court transcripts were lost from June 11, 1997 to February 15, 2000 as the result of a prison transfer. The fact that some of his state court transcripts were lost from June, 1997 to February, 2000 does not excuse his failure to file within the one-year grace period from April 24, 1996 to April 24, 1997. The one-year period expired before his state court documents went missing. Furthermore, it is well-settled that a prisoner has no constitutional right to transcripts on collateral review of a conviction, *see United States v. MacCollom*, 426 U.S. 317 (1976), and that the lack of a transcript itself is not a circumstance which justifies equitable tolling of a period of limitation. *See Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002), *Fadayiro v. United States*, 30 F. Supp. 2d 772, 779-80 (D. N.J. 1998). Petitioner's habeas action is therefore barred by

the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, _ U.S. _, 125 S. Ct. 1807, 1814 (April 27, 2005) (assuming but not deciding that equitable tolling applies to federal habeas actions); *see also Jurado v. Burt*, 337 F.3d at 642; *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). In *Dunlap*, the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.

Petitioner sets forth no circumstances which caused him to institute his state court post-conviction or collateral proceedings after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

In his pleadings, Petitioner asserts that the statute of limitations should not bar his petition because he is actually innocent of the offense. The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter, supra*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. His conclusory allegation that he is actually innocent does not justify equitable tolling. *See, e.g., Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. 2002); *Elam v. Caroll*, 386 F. Supp. 2d 594, _ (D. Del. Sept. 19, 2005). Petitioner has thus failed to demonstrate that he is entitled to tolling of the one-year period. His habeas petition is therefore untimely and subject to dismissal.

**III.   Conclusion**

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss is **GRANTED** and that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

       s/Lawrence P. Zatkoff
       LAWRENCE P. ZATKOFF
       UNITED STATES DISTRICT JUDGE

Dated: December 19, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 19, 2005.

       s/Marie E. Verlinde
       Case Manager
       (810) 984-3290