UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLO VARTINELLI,

        Petitioner,

                                                          CIVIL ACTION NO. 05-CV-70949-DT
v.                                                 HONORABLE LAWRENCE P. ZATKOFF

S. L. BURT,

        Respondent.
_____/

**ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY AND
DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner has filed a motion for a certificate of appealability concerning this Court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 on statute of limitations grounds.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable

or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

This Court concluded that Petitioner's claims are barred by the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d). Petitioner has not established that the one-year period should be statutorily tolled due to his lack of transcripts for a certain period of time. *See Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002); *see also United States v. MacCollom*, 426 U.S. 317 (1976). Petitioner has also not established that the one-year period should be equitably tolled. *See Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001); *see also Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). The Court thus concludes that Petitioner has not shown that reasonable jurists would find this Court's dismissal of his habeas petition on statute of limitations grounds

debatable.

Accordingly, the Court **DENIES** Petitioner's motion for a certificate of appealability. Given this determination, the Court also **DENIES** leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

                    s/Lawrence P. Zatkoff
                    LAWRENCE P. ZATKOFF
                    UNITED STATES DISTRICT JUDGE

Dated: February 16, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 16, 2006.

                    s/Marie E. Verlinde
                    Case Manager
                    (810) 984-3290